UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARMAINE ARRINGTON                             CIVIL ACTION
AND MEAGAN COLEMAN

VERSUS                                          NO. 25-1505

DAMIEN AUSTIN                                   SECTION: "M" (3)

## REPORT AND RECOMMENDATION

Plaintiffs allege that Defendant published a "false, malicious, and defamatory post on Facebook . . . ."[1] They sued him for defamation, intentional infliction of emotional distress, and violation of their constitutional rights under 42 U.S.C. § 1983.

Plaintiffs are proceeding in forma pauperis. The statute allowing Plaintiffs to proceed as a pauper also requires the court to screen a pauper's complaint if at any time the court makes a determination of frivolousness. "It is left to the discretion of the court to which the application is made to determine whether the petition on its face is frivolous or lacking in merit." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). 28 U.S.C. § 1915(e)(2) requires summary dismissal sua sponte should the Court determine that a case is frivolous or fails to state a claim on which relief may be granted. A complaint is frivolous "if it lacks an arguable basis in law or fact." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

Federal courts are also courts of limited subject-matter jurisdiction. *See, e.g., Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 821 (5th Cir. 2022). As

---

[1] R. Doc. 5, ¶ 7.

the Supreme Court has explained:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Because "subject-matter jurisdiction ... involves a court's power to hear a case, [it] can never be forfeited or waived." *Id.* (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)). Federal courts thus "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party[.]" *Id.* (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiffs provided Louisiana addresses for themselves and the Defendant. They do not invoke diversity jurisdiction. Thus, the sole potential basis for subject matter jurisdiction is Plaintiffs' Section 1983 claims.

"To state a cause of action under section 1983, [Plaintiffs] must allege that the person who deprived [them] of a federal right was acting under color of law." *Priester v. Lowndes Cty.*, 354 F.3d 414, 420 (5th Cir. 2004). And for a private citizen to be liable, Plaintiffs "must allege that the citizen conspired with or acted in concert with state actors." *See id.* There are no such allegations in this case.

An August 20, 2025 Order placed Plaintiffs on notice of this deficiency in

their Section 1983 claims. R. Doc. 10. The Order provided them with an opportunity to amend their Complaint to provide specific factual allegations, if any, as to whether Defendant was acting under color of law or conspiring with or acting in concert with state actors. The Order cautioned that the failure to respond may subject their claims to dismissal. Plaintiffs did not respond to the Order. The deadline to do so expired more than one month ago. Despite having been given an opportunity to plead their best case, Plaintiffs have not set forth a federal claim with any arguable basis in fact or law. The lack of any non-frivolous federal claim deprives the Court of federal question jurisdiction. There is thus no basis for supplemental jurisdiction over Plaintiffs' state-law claims.[2]

Accordingly,

**IT IS RECOMMENDED** that the Plaintiffs' complaint be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28

---

[2] The dismissal of Plaintiffs' complaint for lack of subject matter jurisdiction does not preclude them from pursuing their claims in a proper jurisdiction.

U.S.C. § 636(b)(1); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc)).

New Orleans, Louisiana, this 5th day of November, 2025.

                                            EVA J. DOSSIER
                            UNITED STATES MAGISTRATE JUDGE